## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF ILLINOIS

JOSHUA HOSKINS,                             )
                                            )
                    Plaintiff,              )
                                            )
vs.                                         )        Cause No. 3:20-cv-00522-GCS
                                            )
CHARLES SWISHER,                            )
CHAD WALL,                                  )
CHAD ADAMS,                                 )
SCOTT PETITJEAN,                            )
DONALD WANACK,                             )
GARRICK HALE,                              )
DANIEL HARRIS,                             )
MATTHEW JOHNSON,                           )
MICHAEL BAILEY,                            )
PATRICK PEEK,                              )
BRANDON JUSTICE,                           )
ERIC WANGLER,                              )
KALE LIVELY,                               )
MARK BELL,                                 )
JUSTIN JURKOWSKI,                          )
ANTHONY WILLIAMS,                          )
STEVEN MUMBOWER,                           )
SETH MERACLE,                              )
DEREK HERMANN,                             )
CHARLES HECK,                              )
PHILLIP BAKER,                             )
WESLEY SHIRLEY,                            )
JANA REUTER,                               )
JOSEPH DUDEK,                              )
MAC-SHANE FRANK,                           )
ROBERT O'LEARY,                            )
RUSSELL COOLEY,                            )
JUSTIN KULICH,                             )
JAMES BEDFORD,                             )
ROBERT TOMSHACK,                           )
CHRISTINA FINLEY,                          )
ALEXANDER RODMAN, and                      )
KEITH BENNETT,[1]                          )
                                            )
                    Defendants.             )

---

[1]      The Clerk of Court shall correct the names of Defendants, with exception of Defendants Charles Swisher and Michael Bailey, to reflect the full names and proper spellings as listed in the case caption.

## MEMORANDUM & ORDER

**SISON, Magistrate Judge:**

On June 3, 2020, Plaintiff Joshua Hoskins, an inmate in the custody of the Illinois Department of Corrections, filed suit pursuant to 42 U.S.C. § 1983 alleging that Defendants violated his constitutional rights while he was incarcerated at Pinckneyville Correctional Center. The Court conducted a threshold review of Plaintiff's complaint pursuant to 28 U.S.C. § 1915A. The June 15, 2020 order allowed three of Plaintiff's claims to proceed, but Count 3, a deliberate indifference to medical needs claim against all Defendants, was dismissed for failure to state a claim. By motion dated June 22, 2020, Hoskins asks the Court to reconsider the dismissal of Count 3.

Relevant to Count 3, Hoskins alleges that between June 5, 2019, and April 30, 2020, he was denied access to showers, hygiene items, bedding, underwear, and sick call. He claims that he spoke to each Defendant and that they all told him he was being denied access in retaliation for filing grievances. The lack of access described in the complaint allegedly caused Hoskins to have skin rashes and issues, mental health issues, and bleeding gums. The Court dismissed his claim regarding denial of access to sick call because Hoskins's complaint does not allege that Defendants were aware of his injuries at the time they denied him access to sick call, nor does it describe whether the denial of access to sick call occurred before or after Hoskins developed his injuries.

Hoskins argues in his motion for reconsideration that information that will come out in discovery will provide the details that his complaint does not. The Federal Rules of Civil Procedure do not expressly recognize motions to reconsider. Rule 54(b), however,

allows district courts to revisit "any order or other decision . . . that adjudicates fewer than all the claims" in an action and to revise it at any point before the entry of judgment. FED. R. CIV. PROC. 54(b). *See also Moses H. Cone Memorial Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 12 (1983)(noting that any "order short of a final decree is subject to reopening at the discretion of the district judge.").

Motions to reconsider interlocutory orders under this rule "serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996)(internal quotations and citations omitted). "A manifest error is not demonstrated by the disappointment of the losing party. It is the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000)(internal quotations and citation omitted). Because the standards for reconsideration are exacting, the Seventh Circuit has stressed that appropriate issues for reconsideration "rarely arise." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990)(internal quotations and citation omitted).

The Eighth Amendment prohibits cruel and unusual punishments, and the deliberate indifference to the "serious medical needs of a prisoner constitutes the unnecessary and wanton infliction of pain forbidden by the Constitution." *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 828 (7th Cir. 2009). A prisoner is entitled to "reasonable measures to meet a substantial risk of serious harm"—not to demand specific care. *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). In order to prevail on a claim of deliberate indifference, a prisoner who brings an Eighth Amendment challenge of

constitutionally deficient medical care must satisfy a two-part test. *See Arnett v. Webster*, 658 F.3d 742, 750 (7th Cir. 2011)(citation omitted). The first consideration is whether the prisoner has an "objectively serious medical condition." *Arnett*, 658 F.3d at 750. *Accord Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Prevailing on the subjective prong requires a prisoner to show that a prison official has subjective knowledge of—and then disregards—an excessive risk to inmate health. *See Greeno*, 414 F.3d at 653. The plaintiff need not show the individual "literally ignored" his complaint, but that the individual was aware of the condition and either knowingly or recklessly disregarded it. *Hayes v. Snyder*, 546 F.3d 516, 524 (7th Cir. 2008).

Here, Hoskins does not demonstrate that the Court made a manifest error of law or of fact in dismissing Count 3. The undersigned agrees with the conclusion in the Court's threshold order that Hoskins does not plead sufficient facts to establish the subjective prong of a deliberate indifference claim. He does not allege that Defendants had subjective knowledge of a risk to his health then disregarded it, nor does he allege whether he had a medical need at the time he was denied access to sick call or whether his medical issues did not develop until after the denial. Given that the scope of review is limited to the search for a manifest error, the Court finds that Hoskins does not carry his burden of establishing such an error and will not reverse the dismissal of Count 3.

**IT IS SO ORDERED.**

Dated:  September 11, 2020.

Digitally signed
by Judge Sison 2
Date: 2020.09.11
10:37:36 -05'00'

_____
GILBERT C. SISON
United States Magistrate Judge