IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JOSHUA HOSKINS,** | ) |
|  | ) |
| Plaintiff, | ) |
|  | ) |
| vs. | ) Case No. 20-cv-522-SMY |
|  | ) |
| **CHARLES SWISHER, CHAD WALL,** | ) |
| **CHAD ADAMS, SCOTT PETITJEAN,** | ) |
| **GARRICK HALE, STEVEN** | ) |
| **MUMBOWER, SETH MERACLE,** | ) |
| **JOSEPH DUDEK MAC-SHANE FRANK,** | ) |
| **AND JUSTIN JULICH,** | ) |
|  | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Joshua Hoskins, an inmate in the custody of the Illinois Department of Corrections ("IDOC"), filed this lawsuit pursuant to 42 U.S.C. § 1983 claiming his constitutional rights were violated while he was incarcerated at Pinckneyville Correctional Center ("Pinckneyville"). Specifically, Plaintiff alleges that 32 prison officials and medical providers at Pinckneyville conspired to deny him access to showers, hygiene items, bedding, underwear, adequate food, and sick call, and that these actions were taken in retaliation for him filing grievances and lawsuits against Pinckneyville staff in separate cases. The Court granted Defendant Jana Rueter's[1] motion for summary judgment on the issue of exhaustion and denied in part and granted in part the remaining defendants' motion for summary judgment on the issue of exhaustion (Doc. 101). Now pending is Plaintiff's Motion for Reconsideration and Supplemental Motion (Docs. 102, 106).

Under Rule 59(e), the Court may alter or amend its judgment if the movant "clearly

---

[1] Defendant Rueter was dismissed without prejudice (Doc. 101) but seeks to adopt the Response to Plaintiff's Motion for Reconsideration (Doc. 104) filed by the remaining Defendants. For good cause shown, Defendant Rueter's Motion (Doc. 105) is **GRANTED**.

establish[es] (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment." *Blue v. Hartford Life & Acc. Ins. Co.,* 698 F.3d 587, 598 (7th Cir. 2012) (quoting *Harrington v. City of Chicago,* 433 F.3d 542, 546 (7th Cir.2006)).  A motion for reconsideration is not an appropriate vehicle for re-litigating arguments the Court previously rejected or for arguing issues or presenting evidence that could have been raised during the pendency of the motion presently under reconsideration.  *Sigworth v. City of Aurora,* 487 F.3d 506, 512 (7th Cir.2007). In other words, a proper motion to reconsider does more than take umbrage and restate the arguments that were initially rejected during the summary judgment phase.  *County of McHenry v. Ins. Co. of the West*, 438 F.3d 813, 819 (7th Cir. 2006).

Plaintiff contends that the Court should have held a Pavey hearing because it erred in finding that his grievances were being processed by counselors at Pinckneyville.  He asserts that only some of his grievances were processed by the multiple counselors that were assigned to him, thus effectively denying him the ability to exhaust his administrative remedies.  Plaintiff has repeatedly made these same arguments in his previous filings.  The Court reviewed these claims and addressed them in its Order finding that the grievance system remained available to Plaintiff (Doc. 101 at 9).

The evidence in the record supports the Court's conclusion that Plaintiff failed to exhaust his administrative remedies prior to filing this lawsuit.  Plaintiff fails to identify any newly discovered evidence, or a manifest error of law or fact committed by the Court.  Accordingly, the Motion for Reconsideration (Doc. 102) and Supplemental Motion (Doc. 106) are **DENIED**.

**IT IS SO ORDERED.**

**DATED:  April 5, 2022**

2022.04.05
09:20:56
-05'00'

**STACI M. YANDLE**
**United States District Judge**