IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOSHUA HOSKINS #R54570, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 20-CV-522-SMY |
| | ) |
| CHAD WALL, et al, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Joshua Hoskins, formerly an inmate in the custody of the Illinois Department of Corrections, filed this lawsuit pursuant to 42 U.S.C. § 1983. Although he had agreed to a global mediation of this and other cases that he had filed while incarcerated, he has changed his mind. Plaintiff filed a Motion for Court to Cancel the Settlement Conference (Doc. 185), which was denied, and now a Motion and Notice to the Court (Doc. 187) that is before the Court.

Plaintiff asserts that the Defendants will not meet his demand and that he does not want to discuss the possibility of lowering it with a Magistrate Judge (Doc. 187, p. 1). This Court has the inherent authority to order the parties to engage in settlement conferences. *Goss Graphics Sys. v. DEV Indus.*, 267 F.3d 624, 627 (7th Cir. 2001). See also, Fed. R. Civ. P. 16(a)(5). And the reasons proffered by Plaintiff for not engaging in settlement are not extraordinary, as the mediating parties are usually at an impasse and require judicial intervention to reach a resolution: "The essence of settlement is compromise. Each side gains the benefit of immediate resolution of the litigation and some measure of vindication for its position while foregoing the opportunity to achieve an unmitigated victory." *E.E.O.C. v. Hiram Walker & Sons, Inc.*, 768 F.2d 884, 889 (7th Cir. 1985). Plaintiff has not indicated that his demand number has a comparative basis, such as special

damages, similar jury verdicts, policy limits, liens, or previous settlements, that could impede settlement. Additionally, as noted in the Order dated March 19, 2024 (Doc. 186), this Court has expanded resources to set a global mediation of Plaintiff's prisoner cases, and to allow Plaintiff to unilaterally cancel it would adversely affect this Court's docket.

Likewise, Plaintiff asserts that he has been having difficulty with traveling to East St. Louis and prosecuting his case with the demands of a possible job, medical appointments, and owed filing fees incurred in other cases (Doc. 187, p. 2). As an initial matter, this Court notes that any trial would be in Benton, Illinois and not in East St. Louis, Illinois. And Plaintiff is not exempt from having to expend time and resources to litigate his case. *In re TCI Ltd., Needler & Assocs., Ltd.,* 769 F.2d 441, 446 (7th Cir. 1985) (American Rule requires "each party to bear its own fees and costs" and "courts will ensure that each party really does bear the costs"). If Plaintiff is struggling to balance his post-incarceration life with the litigation demands of the lawsuits that he had filed, that may be even more reason to settle and move on. This Court will not excuse Plaintiff from any in-person appearances and any failure to appear or to prosecute his case could result in its dismissal. *Johnson v. Kamminga,* 34 F.3d 466, 468 (7th Cir. 1994) (dismissing civil rights action for failure to appear for trial).

Finally, while this Court is sympathetic to Plaintiff's alleged medical issues, it will not grant any continuances at this time without corroborating medical documentation (that is absent from this motion).

Accordingly, Plaintiff's Motion and Notice to the Court (Doc. 187) is **DENIED**.

**IT IS SO ORDERED.**

**DATED: March 27, 2024**

**STACI M. YANDLE**
**United States District Judge**